UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

REGINALD STEVENSON,

        Plaintiff,                           Case No. 11 – 14111

v.                                       District Judge  Denise Page Hood

CITY OF DETROIT, et al.,             Magistrate Judge Laurie J. Michelson

        Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE ANSWER AND FOR DEFAULT JUDGMENT [16]

This is a civil rights lawsuit brought pursuant to 42 U.S.C. §§ 1983 and 1988 in which Plaintiff Reginald Stevenson ("Plaintiff") alleges he was falsely arrested by the Detroit Police Officer Defendants.  Plaintiff originally filed in state court on September 1, 2011 and Defendants subsequently removed the case to federal court on September 21, 2011.  (Dkt. 1.)  While the case was pending in state court, Plaintiff served discovery requests.  After removal, there was some confusion among the parties as to when responses to these discovery requests were due, ultimately resulting in a Motion to Compel by Plaintiff.  (Dkt. 9.)  This Court granted that motion on January 31, 2012, and ordered Defendants to provide responses within fourteen (14) days.  (Dkt. 15.) Plaintiff claims that Defendants have failed to comply with this discovery Order.  He therefore filed the present Motion to Strike Defendants' Answer and For Default Judgment as discovery sanctions. (Dkt. 16.)  The Motion is fully briefed and has been referred to this Court for hearing and determination. (Dkt. 16.)  The Court heard oral argument on March 29, 2012.

For the following reasons, the Court RECOMMENDS that the District Court DENY WITHOUT PREJUDICE Plaintiff's request for the severe sanctions of striking Defendants' Answer and entering a Default Judgment against them. It is further RECOMMENDED that the District Court award the lesser sanction of another Order compelling Defendants to provide complete and meaningful responses to all outstanding discovery requests – including the photograph depicting the full body shot of Plaintiff (described on the record by Plaintiff's counsel during the hearing) and any other responsive photographs of Plaintiff in Defendants' possession and control – no later than ten (10) days after the ruling on this Report and Recommendation.[1] Additionally, Defendants are hereby

---

[1] There appears to be a split in authority on whether a magistrate judge should provide a report and recommendation to a district judge on a Fed. R. Civ. P. 37 motion for sanctions where, as here, the relief sought is dispositive (e.g., default judgment). *See Bell-Flowers v. Progressive Ins. Co.*, No. 04-3026, 2005 WL 3434818, at *1, 2 n.1 (W.D. Tenn. Dec. 13, 2005) (Pham, M.J.) ("The majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." (citing cases)).

Because several judges in this district have viewed a report and recommendation proper in this scenario, and because this Court sees no need to depart from this practice, this Court will make a recommendation to the District Court regarding the pending motions. *Flagg v. City of Detroit*, No. 05-74253, 2011 WL 4634249, at *1 (E.D. Mich. Aug. 3, 2011) (Whalen, M.J.) ("Before the Court is Plaintiffs' Request for Entry of Default and Other Sanctions Based Upon Spoliation of Evidence. Because the request for default is a dispositive motion, I will proceed by Report and Recommendation . . . ." (internal citation omitted)); *Laethem Equipment Co. v. Deere & Co.*, No. 05-10113, 2009 WL 3064663, at *1, n.1 (E.D. Mich. Sept. 21, 2009) (Komives, M.J.) ("Although [the defendant's] motion is entitled a motion for sanctions and is filed pursuant to Fed. Rules Civ. P. 26 and 37, its request for relief [seeks dismissal]. Therefore, I address this motion as a dispositive one pursuant to 28 U.S.C. § 636(b)(1)(B)" (internal citation omitted)); *Burket v. Hyman Lippitt, P.C.*, No. 05-72110, 2007 WL 891891, at *1 (E.D. Mich. Mar. 21, 2007) (Majzoub, M.J.) ("Because the motion seeks an involuntary dismissal [as a discovery sanction], the Court will recommend a disposition to the district court."); *Citizens Ins. Co. of Am. v. Moyer*, No. 04-CV-73909, 2006 WL 3289771, at *1 (E.D. Mich. Nov. 13, 2006) (Friedman, J.) ("If defendants wish to seek dismissal of the complaint as a sanction for discovery abuses, or for any other reason, they must file a motion clearly indicating as much in the caption and in that event the court would either hear the motion itself or refer it to the magistrate judge for report and recommendation, rather than for hearing and determination.").

warned that any further failure to provide this discovery or non-compliance with additional discovery may result in the entry of a default judgment.

**I.      BACKGROUND**

    **A.      The Allegations In The Complaint**

Plaintiff's Complaint arises out of a July 27, 2010 incident involving three African-American males firing gun shots into a vacant home in the City of Detroit. (Dkt. 1, Att. 1, Compl., ¶¶ 13-14.) One of the shooters allegedly wore a white t-shirt and blue jeans. (*Id*. at ¶ 17.) On the day of the incident, Plaintiff wore a white t-shirt and black shorts. (*Id*. at ¶ 18.) Plaintiff was arrested and charged in connection with the shooting incident. He alleges that the Defendant Detroit Police Department ("DPD") Officers falsely stated that Plaintiff was wearing blue jeans at the time of his arrest. (*Id*. at ¶ 19.) Plaintiff alleges that he was arrested without probable cause based on false allegations that he was one of the shooters who shot at Detroit Police Officers. (*Id*. at ¶ 16.)[2] He further alleges that Defendants' lies about what he was wearing resulted in his being illegally prosecuted on a weapons charge and charges of assaulting, resisting and obstructing a police officer. (*Id*. at ¶20.) Plaintiff alleges that the charges against him were dismissed – i.e., he was acquitted. (*Id*. at ¶22.) Plaintiff then brought this lawsuit in Wayne County Circuit Court on September 1, 2011 alleging that the City of Detroit and several DPD Officers violated, and conspired to violate, his constitutional rights in violation of 42 U.S.C. §§ 1983 and 1988. (Compl.) He also asserts several state law claims. (*Id*.)

---

    [2] During the hearing, counsel explained that while the three shooting suspects were being chased by the police, one of them fired on the pursuing officers.

B.    **The Underlying Discovery Dispute**

Prior to the present motion, the parties had a discovery dispute resulting in an Order from this Court. (Dkt. 15.) As noted, while this case was pending in state court, Plaintiff served Defendants with Requests to Admit, Interrogatories and Requests to Produce Documents. (Dkt. 16, Mot. for Default at 2.)[3] The document requests include a request for photographs of the Plaintiff that would depict what he was wearing upon his arrest – e.g., blue jeans or black shorts. Defendants responded to the Requests to Admit by simply denying them. (*Id*. at 5.) Before providing any responses to the Interrogatories and Document Requests, Defendants removed the case to federal court on September 21, 2011. (Dkt. 1, Removal Not.) After the case was removed, the parties conducted their Rule 16 Scheduling Conference. (Dkt. 6.) The parties have differing recollections as to what was agreed upon at that conference, but it is Defendants' position that while a discovery cut-off date was determined, the already-served requests were not discussed. (*Compare* Pl.'s Mot. for Default at 3 *with* Dkt. 10, Defs.' Resp. to Pl.'s Mot. to Compel.) Defendants therefore provided no discovery responses, which led to Plaintiff filing a Motion to Compel. (Dkt. 9.) Although Defendants responded to that motion, they did not provide any discovery responses. (Dkt. 10.) On January 31, 2012, when this Court conducted a hearing on the Motion to Compel, discovery responses still had not been provided. The Court therefore entered an Order granting the Motion to Compel and directed Defendants to provide complete and meaningful responses within fourteen (14) days of the date of the Order – i.e., by February 14, 2011. (Dkt. 15.)

---

[3] Plaintiff did not provide the Court with a copy of these discovery requests during his initial Motion to Compel nor were they provided in connection with this pending Motion for Default Judgment. Defendants did not attach copies either and thus, the Court has not had an opportunity to review them.

On February 23, 2012, Plaintiff filed the present Motion claiming that "as of this date, Plaintiff's counsel still has not received any of the remaining discovery from Defendants." (Mot. for Default at 3.) Plaintiff argues that Defendants' continued failure to provide discovery responses – now in contravention of an Order to Compel – warrants discovery sanctions pursuant to Fed. R. Civ. P. 37. (*Id*. at 4.) More specifically, Plaintiff asks the Court to strike Defendants' Answer, and enter a default judgment against Defendants. (*Id*. (citing Fed. R. Civ. P. 37(b)(2)(A)(iii)).)

Defendants responded on March 13, 2012. (Dkt. 23.) They claim, in relevant part,

> 2. That the discovery material requested by Plaintiff has been provided.
>
> 3. That the Answers to Interrogatories by the individual Defendants have been completed, but not mailed for the reason that the answers are not signed. When signed the answers will be sent to Plaintiff's attorney.
>
> 4. That any delay in providing discovery was unintentional and due to circumstances that Defendants could not predict or control.

(Resp. at 2.) Thus, claim Defendants, no discovery sanctions are warranted. Defendants's Response did not provide any detail regarding the "circumstances" that allegedly caused the delay in providing discovery.

On March 19, 2012, Plaintiff filed a Reply indicating that "Defendants have not provided any answers to Plaintiff's Interrogatories nor sufficient Answers to Plaintiff's Requests to Produce." (Dkt. 24, Rpy. at 2.)

At the hearing on the pending motion, Plaintiff's counsel indicated that he received responses to two of the five sets of outstanding Interrogatories. Counsel for the Defendants explained that the remaining three sets had only recently been mailed (including one the morning of the hearing) – but

that all five sets have now been completed and served. The delay, he explained, was due to scheduling and personnel issues with the responding officers – and not due to any bad faith or intent. It was also made clear at the hearing that Defendants have not yet produced the key photographs that Plaintiff is seeking – full body shots of the Plaintiff that his counsel claims were taken at the police department after Plaintiff was arrested and were referenced during the trial in the underlying criminal case.

## II. ANALYSIS

### A. Legal Standard

Among the variety of discovery sanctions available in a district court's "arsenal," the entry of a default judgment against a defendant or an order of dismissal against a plaintiff are the court's "strongest weapon[s]." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) ("A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment."); *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988) ("Dismissal of an action for failure to cooperate in discovery is a sanction of last resort."). The Supreme Court has justified these harsh sanctions by acknowledging their value as both a specific and general deterrent:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

In *Regional Refuse*, the Sixth Circuit articulated four factors for this Court to consider when evaluating a motion for default judgment under Rule 37, namely: (1) whether the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered. 842 F.2d at 155.[4]

"Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct," *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), i.e., conduct that is "'perverse in resisting authority' and 'stubbornly disobedient,'" *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting Webster's Third New International Dictionary 497 (1986)). While the Court is troubled by Defendants' conduct, the record does not yet warrant the entry of a default judgment or striking the Answer – which would lead to the entry of a default judgment.

### B.  A Default Judgment Is Not Yet Warranted

Plaintiff served the outstanding discovery requests while the case was pending in state court. Giving Defendants the benefit of the doubt, it appears that, after removal of the case to federal court, they were expecting Plaintiff to re-serve those requests following the parties' November 2011 Scheduling Conference. *See, e.g.,* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from

---

[4] As explained in *Vance, by and Through Hammons v. U.S.*, 182 F.3d 920 (table), 1999 WL 455435, at *5 (6th Cir. 1999), *Regional Refuse* was superseded in part by Rule 37(c)(1) in 1993. That Rule "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Id.* at *3. Plaintiff's motion is premised on Rule 37(b), however; thus, the *Regional Refuse* factors remain applicable here. *See id.* at *6.

any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by court order."); *Jennings v. City of LaFollette*, No. 3:09-CV-72, 2010 U.S. Dist. LEXIS 87328, at *2 (E.D. Tenn. Aug. 24, 2010) ("Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the parties may not begin discovery until they have conferred as required by Rule 26(f), even where written discovery has been served while the case was pending in a state court[.]" (citing *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498-99 (S.D. Texas 2005))); *Myra Wilson v. General Tavern Corp.*, No. 05-81128, 2006 U.S. Dist. LEXIS 7742 (S.D. Fla. Feb. 2, 2006) ("Discovery served in state court becomes null and ineffective upon removal. Rule 26(d) thus applies, and 'bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f).'")

Defendants, however, were certainly aware that Plaintiff was still seeking responses on December 16, 2011 – the date the Motion to Compel was filed. Indeed, at the time of the hearing on the Motion, Defendants acknowledged possession of the discovery requests and indicated they were working on responses. After the Court entered the Order on the Motion to Compel, Defendants delayed for several weeks in producing interrogatory responses because they were not signed as required by Fed. R. Civ. P. 26(g). Defense counsel claims that the individual officer Defendants did not completely understand their obligations in connection with finalizing these responses and thus, the delay was simply the result of personnel issues with the police department. It also appears that, on March 15, 2012 – one month after the due date – counsel for Defendants sent a disk with photographs to counsel for Plaintiff. Unfortunately, counsel for Plaintiff never received it. At the hearing, Defendants agreed to provide another copy. It is unclear, however, whether this disk contains the full-body shot image that Plaintiff is seeking. Defense counsel has agreed to make

another attempt to locate this photograph.[5] Entry of a default judgment for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). The present record does not sufficiently support that Defendants' delay in providing discovery rises to this level of misconduct.

As to prejudice, Plaintiff did not receive complete discovery responses prior to the March 8, 2012 discovery cut-off date in the parties' Scheduling Order, which obviously impacts his ability to conduct further discovery if this date is not extended. Plaintiff is also concerned that he "has no information to even proceed to mediation and/or settlement," trial preparation is not possible, and Defendants are setting him up to fail. (Mot. for Default at 7.) While these concerns are legitimate, additional discovery has been produced, and the Court believes any remaining prejudice can be alleviated with a modification of the Scheduling Order. Indeed, Defendants have recently filed a Motion to Extend the Scheduling Order Dates. (Dkt. 25.) The Court also recognizes that Plaintiff incurred expense due to Defendants' failure to fully comply with this Court's order to compel. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (explaining that prejudice results "[n]ot only [when the aggrieved party is] unable to secure the information requested, but . . . also [when it is] required to waste time, money, and effort in pursuit of cooperation which [the other party] was legally obligated to provide."). But again, at this stage of the proceedings, the Court does not find that prejudice warrants the severe sanctions being sought. The Court has considered that

---

[5] Plaintiff's counsel identified the officer who testified about the photograph as well as the officer in charge of the underlying criminal case. Defendants are going to check with these officers, as well as any other officers or personnel involved in the criminal case involving Plaintiff, regarding the whereabouts of the requested photograph(s).

Plaintiff's cost-based prejudice could be mitigated through a monetary sanction against Defendants, but concludes that Defendants should have one more opportunity to timely produce the requested photograph before imposing such sanctions.

As to the remaining factors, this Court has not warned Defendants that a failure to cooperate in discovery or comply with this Court's order would lead to default judgment or striking the Answer. Further, no less severe sanctions have been imposed on Defendants. Indeed, the effectiveness of lesser sanctions has not been evaluated. Thus, while the Court certainly does not condone Defendants' tardiness, it is not yet prepared to preclude consideration of this case on the merits.

In sum then, upon careful consideration of the factors outlined in *Regional Refuse* as applied to the facts of this case, the extreme sanctions of striking Defendants' Answer and a default judgment against Defendants are not presently warranted. This is not a case where there has been no effort to respond to discovery requests or no useful responses forthcoming. Further, the prejudice to Plaintiff may be mitigated, and the deterrence effect of lesser sanctions has not been determined.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court RECOMMENDS that the District Court DENY Plaintiff's Motion to Strike Answer and For Default Judgment (Dkt. 16) to the extent it seeks those severe discovery sanctions.

It remains, however, that Defendants did not fully or timely comply with this Court's order to compel. Accordingly, the Court further RECOMMENDS that: (1) Defendants strictly comply with this Court's order to compel (Dkt. 15) by providing full and complete responses to Plaintiff's

outstanding discovery requests – including the photograph depicting the full body shot of Plaintiff that was described on the record by Plaintiff's counsel during the hearing and any other photographs of the Plaintiff in the Defendants' possession and control – no later than ten (10) days after the ruling on this Report and Recommendation; and (2) the Scheduling Order be amended to extend the discovery period.

Further, Defendants are warned that further noncompliance with the Federal Rules pertaining to discovery or the Court's orders to compel may result in striking their Answer and the entry of default judgment in favor of Plaintiff.

## IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
Dated: March 30, 2012              UNITED STATES MAGISTRATE JUDGE

*Certificate of Service*

    *I hereby certify that a copy of the foregoing document was served on the parties of record on March 30, 2012, electronically and/or by first class mail.*
                                              s/Barbara M. Radke
                                              Judicial Assistant