UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD STEVENSON,

    Plaintiff,                                         Case No. 11-14111
                                                           Honorable Denise Page Hood

    v.

DETROIT POLICE OFFICER LAVAR
GREEN, et al.,

    Defendants.
_____/

**ORDER DENYING MOTION TO ADJOURN TRIAL,
DENYING MOTION FOR SANCTIONS AND DENYING MOTION TO COMPEL**

**I.    INTRODUCTION**

On the eve of trial, scheduled for January 2, 2012, Defendants filed a Motion to Adjourn Trial, Motion for Sanctions and Motion to Compel.  For the reasons set forth below, the motions are denied.

**II.    MOTION TO ADJOURN TRIAL**

In their Motion to Adjourn Trial, Defendants assert the law office is closed from December 21, 2012 through January 2, 2013 because of the Christmas Holiday and budgetary considerations requiring furlough days.  Defense counsel states he has no support services available to timely notify the individual Defendants as to the scheduled trial date, to prepare trial brief and jury instructions as the Local Rules require to be submitted on the first day of trial.  Defense counsel indicates he is scheduled to begin trial before the Honorable Patrick Duggan on January 16, 2013.

The Amended Scheduling Order in this matter provided that the Final Pretrial Conference was set for November 13, 2012 and that the Jury Trial was set for December 11, 2012.  (Doc. #42) The Final Pretrial Conference was rescheduled for November 26, 2012.  It was then rescheduled to

November 27, 2012 since defense counsel failed to appear on November 26, 2012. The Final Pretrial Conference was held on November 27, 2012. Plaintiff's counsel submitted a draft of the proposed Joint Final Pretrial Order ("JFPTO") without Defendants' portion since Defendants did not submit their portion of the JFPTO to Plaintiff's counsel. The Court allowed Defendants to submit their portion to Plaintiff's counsel, directing the parties to resubmit the JFPTO. The Court also rescheduled the trial date to January 2, 2013. On December 3, 2012, Plaintiff filed a Motion for Default Judgment and Motion to Strike All Defendants' Witnesses and Exhibits. (Doc. Nos. 43, 44) Plaintiff withdrew these motions because he did not want to delay the scheduled January 2, 2013 trial date. The Court again held a Final Pretrial Conference for December 29, 2012 since the parties had yet to resubmit the JFPTO. The Court again directed the parties to confer and resubmit the JFPTO and to be prepared for the January 2, 2013 trial date. To date, the JFPTO has not been resubmitted.

     The Court finds the reasons set forth in Defendants' Motion to Adjourn Trial are without merit. Defense counsel had notice of the January 2, 2013 trial date at the November 27, 2012 Final Pretrial Conference date. Defense counsel had sufficient time to: notify the individual Defendants of the rescheduled trial date; to prepare for trial, including drafting briefs, proposed jury instructions and submit Defendants' portion of the JFPTO to Plaintiff's counsel. It is noted that defense counsel was able to prepare three motions filed on December 27, 2012, even though the law office is closed and he is without support. As of June 22, 2012, defense counsel had notice of the scheduled trial date set at that time for December 11, 2012. At all the Final Pretrial Conferences held by the Court, Plaintiff has consistently indicated he is prepared to go forward with the trial date. The jury has been summoned to appear on January 2, 2013. Local Rule 38.2 provides that the jury expense may

be assessed to one or more of the parties or counsel if the jury trial does not commence as scheduled or the jurors are not used for that trial. E.D. Mich. LR 38.2 Defendants' Motion to Adjourn Trial is denied.

## III. MOTION FOR SANCTIONS

Defendants assert that Plaintiff's counsel did not present the JFPTO at the December 19, 2012 Final Pretrial Conference even though Plaintiff's counsel was instructed to do so by the Court at the Final Pretrial Conference held on November 27, 2012. Defendants asserts that Plaintiff's attorney of record did not appear at the December 19, 2012 Final Pretrial Conference but was attended by an associate who acknowledge an unpreparedness to participate in the trial. Defendants further assert that the Court instructed Plaintiff's counsel to hand deliver the Joint Final Pretrial Order to defense counsel's office by noon on December 21, 2012 but failed to do so. Defendants seek sanctions imposed on Plaintiff.

The Court denies Defendants' Motion for Sanctions. As noted above, Plaintiff's counsel submitted a draft JFPTO without Defendants' portion prior to the first scheduled November 13, 2012 Final Pretrial Conference. Also as noted, the Final Pretrial Conference dates were rescheduled because defense counsel could not appear at the scheduled conference. As to handelivering a copy of the JFPTO, defense counsel should have already had a copy of the Plaintiff's version of the JFPTO which was submitted to the Court prior to the first scheduled November 13, 2012 Final Pretrial Conference. All that is required in the JFPTO to be completed is Defendants' portion of the JFPTO, which should have been submitted to Plaintiff well before the first scheduled November 13, 2012 Final Pretrial Conference. Defense has not complied with the court rule governing preparation of the JFPTO. Plaintiff submitted a JFPTO, without Defendants' input. Local Rule 16.2 provides

that failure to cooperate in preparing the JFPTO or to comply strictly with the terms of the JFPTO may result in the entry of default judgment, refusal to permit witnesses to testify or admit exhibits, assess costs and expenses and other appropriate sanctions.  E.D. Mich. LR 16.2(c).  Plaintiff's sought default judgment and striking of defense witnesses and exhibits in his withdrawn Motions for Default Judgment and Sanctions for Defendants' failure to cooperate with their portion of the JFPTO.  The Court will enter Plaintiff's version of the JFPTO and will consider further sanctions against Defendants at trial.  Defendants' Motion for Sanctions is denied.

## IV. MOTION TO COMPEL

Defendants seek to compel the deposition of Plaintiff.  The Court denies the motion since the discovery deadline was July 9, 2012.  Defendants waited more than five months after the discovery deadline to file the instant motion on the eve of trial.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Adjourn Trial (Doc. #49) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (Doc. #50) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Compel (Doc. #51) is DENIED.

Dated: December 28, 2012                    s/ Denise Page Hood
                                            DENISE PAGE HOOD
                                            United States District Judge

I hereby certify that a copy of the forgoing document was sent to parties of record on December 28, 2012, electronically and/or by U.S. mail.

                                            s/ Michael Williams
                                            Relief Case Manager for the
                                            Honorable Denise Page Hood

4